UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS M. N.,

                              Plaintiff,

                                                        5:19-cv-0360
v.                                                      (GTS)

COMMISSIONER OF SOCIAL SECURITY

                              Defendant.
_____

APPEARANCES:                              OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC       KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                   JUSTIN M. GOLDSTEIN, ESQ.
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226

SOCIAL SECURITY ADMINISTRATION            JAMES DESIR, ESQ.
OFFICE OF GENERAL COUNSEL–REGION II       Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904               KRISTINA D. COHN, ESQ.
New York, NY 10278                        Special Assistant U.S. Attorney

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed by Thomas M. N. ("Plaintiff") against the

Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. § 405(g), are (1)

Plaintiff's motion for judgment on the pleadings, and (2) Defendant's motion for judgment on

the pleadings.  (Dkt. Nos. 12, 18.)  For the reasons set forth below, Plaintiff's motion for

judgment on the pleadings is granted, and Defendant's motion for judgment on the pleadings is

denied.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1974, making him 42 years old at his alleged onset date and 44 years old at the date of the ALJ's decision.  Plaintiff reported having a high school education and the vocational expert found that Plaintiff had past work as an auto mechanic and a maintenance mechanic.  In his application, Plaintiff alleged disability due to lumbar spine stenosis, hyperlipidemia, and acid reflux.

### B.    Procedural History

Plaintiff applied for Disability Insurance Benefits on January 10, 2017, alleging disability beginning March 23, 2016.  Plaintiff's application was initially denied on April 5, 2017, after which he timely requested a hearing before an Administrative Law Judge ("ALJ").  Plaintiff appeared at a hearing before ALJ David Romeo on November 2, 2018.  On November 28, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  (T. 10-17.) [1]  On January 24, 2019, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  (T. 1-3.)

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following seven findings of fact and conclusions of law.  (T. 10-17.)  First, the ALJ found that Plaintiff is insured for benefits under Title II until December 31, 2021.  (T. 12.)  Second, the ALJ found that Plaintiff has not engaged

---

[1]       The Administrative Transcript is found at Dkt. No. 8.  Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

in substantial gainful activity since his application filing date.  (T. 12.)  Third, the ALJ found that

Plaintiff's status post lumbar laminectomy and discectomy with post laminectomy syndrome and

impingement of the lumbar nerve root and thecal sac, degenerative joint disease of the lumbar

spine, and degenerative disc disease of the lumbar spine are severe impairments.  (T. 13.)

Fourth, the ALJ found that Plaintiff's severe impairments do not meet or medically equal one of

the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"); specifically, the

ALJ considered Listing 1.04.  (T. 13.)  Fifth, the ALJ found that Plaintiff has the residual

functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 404.1567(a) except he would
> need an option to stand for 2 minutes after every 30 minutes of
> sitting; can remain on task while standing; can occasionally operate
> foot controls; can occasionally balance, stoop, kneel, crouch, crawl,
> and climb ramps and stairs; and can occasionally bend and lift.

(T. 13.)  Sixth, the ALJ found that Plaintiff is unable to perform his past relevant work as an auto

mechanic and maintenance mechanic.  (T. 16.)  Seventh, the ALJ found that Plaintiff is not

disabled because he remains able to perform a significant number of jobs at the sedentary

exertional level, including as a table worker, waxer, stuffer, call out operator, food and beverage

order clerk, and laminator.  (T. 17.)  The ALJ therefore concluded that Plaintiff is not disabled.

### D.      The Parties' Briefing on Their Motions

#### 1.      Plaintiff's Motion for Judgment on the Pleadings

Generally, in his memorandum of law, Plaintiff asserts two arguments.  (Dkt. No. 12, at

11-24 [Pl.'s Mem. of Law].)  First, Plaintiff argues that the ALJ's RFC finding is unsupported by

substantial evidence.  (*Id.* at 11-20.)  More specifically, Plaintiff argues the following: (a) the

ALJ failed to explain the basis for the RFC finding because he did not rely on any opinion, did

not build a logical bridge between the evidence and his conclusions, and both misrepresented and selectively relied on Plaintiff's reported daily activities without explaining how those activities substantiate that Plaintiff is capable of performing the demands of sedentary work; (b) the ALJ did not rely on any opinion when concluding that Plaintiff remains able to perform sedentary work; and (c) there was insufficient evidence from which the ALJ could make an informed determination because the opinions that do exist were made by sources who did not have the benefit of considering more recent evidence and thus the ALJ was required to obtain an updated opinion (preferably from a treating source).  (*Id.*)

Second, Plaintiff argues that the ALJ's assessment of his subjective reports is not supported by substantial evidence because (a) the ALJ ignored the evidence indicating that his daily activities were actually very limited, (b) the ALJ cherry picked evidence to include in the decision and ignored both subjective reports and medical evidence that contradicts his findings, and (c) the ALJ's decision is internally inconsistent in that he used Plaintiff's reported activities as a reason for not relying heavily on the state agency physician's opinion but then found that those same reported activities were not wholly believable or supported by the evidence.  (*Id.* at 20-24.)

### 2.    Defendant's Motion for Judgment on the Pleadings

Generally, in his memorandum of law, Defendant argues that the ALJ properly evaluated the medical and opinion evidence and thus his RFC finding is supported by substantial evidence. (Dkt. No. 18, at 6-11 [Def.'s Mem. of Law].)  More specifically, Defendant argues that (a) the ALJ did not rely on his own "lay opinion" but rather a proper assessment of the medical evidence, (b) the ALJ was not required to rely on any one opinion or to make the RFC mirror any

opinion, and he made it clear that he considered the opinions of record but found that the medical evidence as a whole showed that Plaintiff was more substantially limited than opined by those sources, (c) the ALJ did not require an opinion from a treating physician because it is the duty of the ALJ to make the determination of disability, not a physician, and (d) the ALJ properly relied in part on Plaintiff's reported daily activities in formulating the RFC and Plaintiff's arguments to the contrary are merely a disagreement with the way in which the ALJ weighed the evidence rather than a showing that the ALJ's findings are not supported by substantial evidence. (*Id.*)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.**     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix

> 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III.    ANALYSIS

### 1.    Whether the ALJ's RFC Finding Was Supported By Substantial Evidence

 After careful consideration, the Court answers this question in the negative for the reasons stated in Plaintiff's memorandum of law.  (Dkt. No. 12, at 11-20 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

 The Court agrees with Plaintiff that, in this case, the ALJ failed to provide a sufficient explanation as to what evidence supports the specific functional limitations that were ultimately included in the RFC.  "While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source." *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 259 (W.D.N.Y. 2018).  This Court has recognized that "[t]here are limited circumstances in which it is proper for an ALJ to make an

RFC determination without a functional assessment from an acceptable medical source." *Penny Ann W. v. Berryhill*, 17-CV-1122, 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018) (Stewart, M.J.). These include (a) where the medical evidence shows relatively little physical impairment, and (b) where the record contains sufficient evidence from which an ALJ can assess the RFC. *Penny Ann W. v. Berryhill*, 2018 WL 6674291, at *4.

Although there are functional assessments from medical sources in this case, the ALJ explicitly did not rely on them for the purposes of finding that Plaintiff could perform sedentary work specifically. The ALJ afforded partial weight to the only two opinions in the record, noting that (a) the reports of chronic pain, the MRIs, the history of lumbar surgery, and the reported daily activities showed greater limitations in lifting, carrying, standing, walking and engaging in postural and lower extremity activities than opined by Dr. Feldman, and (b) the medical evidence was inconsistent with Dr. Lorensen's opinion that Plaintiff had no limitations in standing and walking and moderate limitations in reaching; the ALJ accepted Dr. Lorensen's opined moderate limitations in lifting and bending and no limitations in sitting and handling small objects. (T. 15.) The ALJ therefore concluded that Plaintiff was more limited than opined by either of the two medical sources who provided opinions. Additionally, both of these opinions were rendered more than a year before the most recent medical treatment, and there is no medical opinion considering the more recent developments shown in that more recent medical evidence.

As Plaintiff argues, there is no opinion evidence in which a medical source opines that Plaintiff remains able to perform sedentary work specifically. Plaintiff's severe impairment is a spinal condition with potential nerve involvement that is complicated by a previous unsuccessful surgery. The medical evidence shows that Plaintiff has continued to experience symptoms of

pain and sensory deficits, and imaging indicates that Plaintiff's condition might be worsening, with post-surgical scar tissue and nerve compression noted on more recent MRIs. (T. 274, 337-38, 357, 372, 421, 428-29.)  As such, this is not a case in which the medical evidence shows little physical impairment, or involves a simple physical impairment and symptoms that the ALJ, as a lay person, is qualified to assess without guidance from a medical source.  Nor is the Court convinced that the evidence in the record would enable the ALJ, as a lay person, to reasonably determine the functional effects of Plaintiff's impairments without guidance from a medical source.  The majority of treatment notes do not contain helpful functional information or translate into functional terms the findings of the multiple progressive MRIs that appear to show that Plaintiff's condition was worsened or at least complicated by his first spinal surgery.   Based on the combination of highly technical MRI data and the lack of medical evidence explaining what that MRI data means in functional terms, the Court finds that the ALJ has not adequately explained how the medical evidence supports his finding that Plaintiff remains able to perform a reduced range of sedentary work.

The Court is most concerned about the ALJ's inclusion of an "option to stand for 2 minutes after every 30 minutes of sitting." (T. 13.)  The ALJ noted in his decision that Plaintiff reported at the hearing that he needs to move positions due to discomfort, but otherwise failed to explain what evidence supports the very specific limitation that Plaintiff needs to stand for only two minutes every 30 minutes. (T. 14.)  At the hearing, Plaintiff testified that he is unable to perform even a seated job because "I'm up and down and lot.  I can't sit still. Sitting, I got to move, stretch.  Sometimes I lay down and stretch because I'm very uncomfortable."  (T. 31.)  Additionally, Plaintiff's representative noted that he had been "up and down sitting for a few

minutes, standing up for, you know, about a minute, maybe less, and then sitting back down" and asked him whether such movement was indicative of a typical day for him, to which Plaintiff responded, "[y]eah.  I mean, it's – I constantly, it feels like there's a knife stuck in my back.  And even if I move a little bit, I can get some relief, and that's what I do, to stretch and try to get relief from it for a while."  (T. 31-32.)  He stated he can do physical tasks such as sweeping, dusting, mopping or vacuuming for approximately 30 minutes before needing to sit, lay down, or stretch. (T. 34.)  Again, when testifying about his daily activities, Plaintiff stated that he is "up and down, like I am here. . . . If I can sit, and it don't bother me, I'll sit.  But if it bothers me, I move, and stretch around, whatever I got to do to get relief."  (T. 37.)

Although the ALJ specifically found that Plaintiff's reported symptoms were not entirely consistent with the medical evidence, it is clear that he found that Plaintiff's reports of needing to shift positions *were* in fact consistent with the evidence based on his inclusion of the sit-stand limitation in the RFC.  However, the ALJ did not explain how the ability to stand for two minutes every 30 minutes accommodates Plaintiff's reported need to move around.  In particular, there is no opinion or medical evidence that supports the very specific time durations that the ALJ chose to adopt for this limitation.  The hearing testimony quoted above seems to suggest that Plaintiff would need to change positions more frequently and at differing intervals depending on his symptoms on a given day.  In the absence of any opinion or other evidence substantiating the ALJ's time restriction, and because Plaintiff's hearing testimony suggests that the ALJ's sit-stand limitation may not be sufficient to account for his actual need to shift positions, the Court finds that the ALJ's decision is not supported by substantial evidence in this respect.  *See Zahirovic v. Astrue*, 06-CV-0981, 19-CV-1106, 2008 WL 4519198, at *9 (N.D.N.Y. Sept. 30, 2008) (Peebles,

M.J., Mordue, C.J.) (finding that remand was warranted in part because the ALJ failed to explain the basis for his RFC determination, including the evidence that supported his finding); *see also Carl D. v. Comm'r of Soc. Sec.*, 2019 WL 5537627, at *8 (N.D.N.Y. Oct. 25, 2019) (Stewart, M.J.) (noting that the ALJ is required to show a "logical bridge" between the evidence before him and the RFC findings).

The ALJ's failure to make clear what evidence supports the specific sit-stand limitation is potentially determinative based on the available evidence because the vocational expert testified at the hearing that, had the ALJ limited Plaintiff to a need to sit or stand at will (rather than for two minutes every 30 minutes), he would only be able to perform two of the six identified jobs. Given that the vocational expert testified that those two jobs encompassed only 6,791 jobs, there is a serious question as to whether a more restrictive sit-stand limitation would render Plaintiff disabled at Step 5. *See Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 231 (N.D.N.Y. 2015) (Suddaby, J.) (finding that a total of 5,160 jobs nationally were not a significant enough number of jobs to sustain a Step 5 finding). Because a slightly different sit-stand limitation could potentially render Plaintiff disabled, the Court cannot say that the ALJ's failure to explain the basis for the specific sit-stand limitation in the RFC is a harmless error.

For all of the above reasons, the Court finds that remand is merited. Because the Court finds remand is warranted on this issue, it declines to address the other arguments raised by Plaintiff. On remand, the ALJ should further develop the record related to the extent of Plaintiff's need to shift positions in particular, allow for the submission of additional evidence (including updated opinion evidence clarifying his functional limitations), and assess Plaintiff's subjective complaints in light of the record as a whole when making the new disability

determination.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

**GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is

**DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner of Social Security

pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Decision and Order.

Dated: June 18, 2020
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge